# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHIRLEY MUHLEISEN,
            Appellant,

            v.

DEPARTMENT OF VETERANS
    AFFAIRS,
            Agency.

DOCKET NUMBER
DE-1221-13-0345-W-1

DATE: November 10, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

Shirley Muhleisen, Marrero, Louisiana, pro se.

Aleksander D. Radich, Esquire, Cheyenne, Wyoming, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Member Robbins issuing a separate, dissenting opinion.

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review IN

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

PART and REMAND the case to the field office for further adjudication of the appellant's alleged involuntary resignation in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant served as a Nurse with the agency in one of its facilities in Denver, Colorado.  Initial Appeal File (IAF), Tab 6 at 6.  The appellant filed a complaint of whistleblower reprisal with the Office of Special Counsel (OSC) alleging that she made four protected disclosures and that, based on these disclosures, she was forced to resign from her position in 1999 and was not selected for another employment position with the agency in 2005.  *Id*. at 8.[2]  The appellant filed the instant IRA appeal with the Board challenging her involuntary resignation and her nonselection, and she also asserted that she encountered difficulty accessing certain personnel documents following her resignation.  IAF, Tab 1.

¶3    The administrative judge issued a jurisdictional order apprising the appellant of her burden to establish the Board's jurisdiction over her IRA appeal, *see* IAF, Tab 11, and, after considering both parties' submissions, dismissed the appeal for lack of jurisdiction, IAF, Tab 15 Initial Decision (ID) at 7-11.  In his initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that three of her disclosures were protected disclosures under 5 U.S.C. § 2302(b)(8), ID at 7-9, and, as to her fourth disclosure,[3] the

---

[2] During the proceedings below, the appellant referred to her decision to leave the agency as both a resignation and a retirement.  On petition for review, she has clarified that at the end of September of 1999 she resigned from employment because of allegedly intolerable working conditions based on the impression that she had sufficient years of service to retire.  Petition for Review (PFR) File, Tab 1 at 3.  The test for analyzing the voluntariness of either a resignation or a retirement under these circumstances is the same.  *See, e.g.*, *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519-20 (1995).

[3] The administrative judge found that the appellant had sufficient personal knowledge of the underlying facts of this disclosure to lead a reasonable person in her position to conclude that she had disclosed a violation of law or a possible abuse of authority under 5 U.S.C. § 2302(b)(8).  ID at 9.

administrative judge found that the appellant failed to nonfrivolously allege that it was a contributing factor in either her 1999 involuntary resignation or her nonselection in 2005, ID at 9-11. The appellant has filed a petition for review challenging the initial decision. PFR File, Tab 1.

¶4        An appellant may establish the Board's jurisdiction over an IRA appeal by nonfrivolously alleging that: (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014). To establish that an appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8), an appellant need not prove that the matter disclosed actually established one of the types of wrongdoing listed under section 2302(b)(8)(A); rather, she must show that the matter disclosed was one which a reasonable person in her position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 18 (2013).

¶5        Additionally, an appellant can satisfy the contributing factor element by nonfrivolously alleging that the official taking the challenged personnel action had either personal or constructive knowledge of the appellant's disclosures and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Aquino*, 121 M.S.P.R. 35, ¶ 19. Even if the appellant fails to satisfy this standard, the Board will consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011). If an appellant satisfies each of these jurisdictional requirements, she has the right to a hearing on the merits of her whistleblower reprisal claim, at which point she must prove each of the elements

of her claim by a preponderance of the evidence. *Edwards v. Department of the Air Force*, [120 M.S.P.R. 307](), ¶ 18 (2013).

¶6        We AFFIRM AS MODIFIED the administrative judge's jurisdictional dismissal of the appellant's challenge to her nonselection in 2005. The administrative judge found that the appellant failed to nonfrivolously allege that three of her four disclosures were protected. ID at 7-8. However, we find that, even if the appellant nonfrivolously alleged that she made protected disclosures, she has failed to nonfrivolously allege that any of her disclosures served as a contributing factor in the nonselection. The record reflects that the appellant alleges she made a series of disclosures prior to her resignation in 1999. She also contends that she was not selected for a job with the agency almost 6 years later, based upon these disclosures. *See* IAF, Tab 6 at 8-9. We find that the appellant has failed to nonfrivolously allege that any agency officials who were involved in the 2005 hiring decision knew about her prior disclosures, *see, e.g.*, ID at 9-10, and we further find that the lapse in time between 1999 and 2005 is too great for the appellant to demonstrate that her disclosures likely served as a contributing factor in the agency's hiring decision,[4] *see Ingram v. Department of the Army*, [116 M.S.P.R. 525](), ¶ 10 (2011) (finding that temporal nexus was satisfied where 1 to 2 years existed between a disclosure and a personnel action). We further agree with the administrative judge that the appellant has failed to nonfrivolously allege that any of the individuals named or implicated in her disclosures were involved in the agency's 2005 hiring decision. We concur, moreover, with the administrative judge's finding that the appellant has otherwise presented no evidence of any official's desire or motive to retaliate against her by

---

[4] In her response to the administrative judge's jurisdictional order, the appellant also alleged that she made disclosures to the President and several members of Congress in 2010 and 2011. IAF, Tab 12 at 5. Because these alleged disclosures post-date the appellant's nonselection for employment in 2005, and so they could not have been a contributing factor in that action, they cannot support her assertion of whistleblower reprisal.

not selecting her for a position of employment in 2005. ID at 10-11. Thus, the administrative judge's jurisdictional dismissal of the appellant's IRA appeal of her nonselection for a position of employment in 2005 is AFFIRMED AS MODIFIED.

¶7  The administrative judge also explained in his initial decision that the appellant was challenging several other agency actions, including her alleged 1999 involuntary resignation and difficulties she encountered in accessing her personnel files and records after she left employment. ID at 1, 4 n.2. We agree with the administrative judge that the appellant's challenges to, inter alia, the accessibility of her personnel records following her resignation, are not personnel actions within the scope of the Whistleblower Protection Act (WPA). *See Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 9-11 (2010); ID at 4 n.2.

¶8  We find, however, that the appellant has nonfrivolously alleged that one of her protected disclosures was a contributing factor in her allegedly involuntary resignation, and that remand of this claim to the administrative judge is necessary for him to determine if the appellant can establish that her resignation from employment was involuntary, thus making it a personnel action that could form the basis of the appellant's IRA appeal. *See Lawley v. Department of the Treasury*, 84 M.S.P.R. 253, ¶ 8 (1999) (a constructive adverse action can be a personnel action under the WPA. In his initial decision, the administrative judge found that the appellant nonfrivolously alleged that she made a protected disclosure to her supervisors concerning the agency's practice of double-booking patients for appointments and maintaining fake clinics. ID at 8. The administrative judge found, however, that, although the appellant alleged she made these disclosures to her immediate supervisor, she did not identify when she made such disclosures, and he found that she therefore failed to nonfrivolously allege that these disclosures were a contributing factor in her involuntary resignation. ID at 10.

¶9     We agree with the administrative judge that the record below does not identify when the appellant made these disclosures.  Nevertheless, in her petition for review, the appellant specifies that she made these disclosures to her immediate supervisors in "early 1999" and that shortly thereafter her supervisors increased their alleged retaliatory practices, thus causing her to leave employment with the agency in September of that year.  PFR File, Tab 1 at 25.  Generally, the Board will not consider a new argument on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *See Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 11 (2010).  Under the limited circumstances of this case, however, where the appellant is proceeding pro se,[5] and her new arguments address whether she has made a nonfrivolous allegation establishing an element of the Board's IRA jurisdiction over her appeal, we find it appropriate to consider the new argument for the first time on petition for review.  *See*, *e.g.*, *Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶ 6 (2006) (the WPA is a remedial statute and should be broadly construed); *Smith v. Department of the Army*, 80 M.S.P.R. 311, ¶ 7 (1998) (pro se pleadings not held to same standard as those submitted by counsel).  Based upon her allegations that she made her disclosures to her supervisors in 1999 and that she thereafter endured an increased campaign of harassment which led to her decision to resign, we find that the appellant has nonfrivolously alleged that her protected disclosure was a contributing factor in her alleged involuntary resignation.  *See Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 10 (2007) (an appellant's allegation that a supervisor was aware of a protected disclosure is enough to satisfy the nonfrivolous allegation standard for contributing factor).

¶10     Because, however, the appellant bases her IRA appeal on a constructive adverse action, she must also nonfrivolously allege that her decision to resign was

[5] The record reflects that the appellant was unrepresented in her proceedings before the Board and OSC, specifically with regard to her whistleblower retaliation claims.

involuntary in order for it to be a personnel action that can be challenged in an IRA appeal under the WPA.  *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010) (an employee must nonfrivolously allege that her decision to resign was involuntary in order to establish Board jurisdiction and an entitlement to a hearing); *Lawley*, 84 M.S.P.R. 253, ¶ 8 (constructive adverse action can be personnel action under the WPA); 5 C.F.R. § 1209.4(a)(3) (defining personnel action as an action appealable to the Board under chapter 75). The administrative judge, however, did not reach in his initial decision the issue of the voluntariness of the appellant's decision to resign.  We accordingly REMAND the appeal to the administrative judge for further adjudication of this issue.  Upon remand, should the administrative judge find that the appellant has nonfrivolously alleged that her decision to resign was involuntary,[6] the administrative judge should hold a hearing on the appellant's IRA appeal, at which point she would have to prove by preponderant evidence each of the elements of her claim, including whether her decision to resign was involuntary. If the appellant establishes each of the elements of her claim by preponderant evidence, she would be entitled to corrective action unless the agency can demonstrate by clear and convincing evidence that it would have taken the same challenged actions in the absence of the appellant's whistleblowing activity.  *See Aquino*, 121 M.S.P.R. 35, ¶ 10 (articulating the standard of review for the merits of an IRA appeal); *Hosozawa*, 113 M.S.P.R. 110, ¶ 5 (an appellant is entitled to a hearing if she nonfrivolously alleges that her resignation was involuntary).

**ORDER**

¶11   For the reasons discussed above, we REMAND this case to the regional

---

[6] On remand, the administrative judge should explain to the appellant the various ways in which she could nonfrivolously allege that her decision to resign was involuntary. *See, e.g.*, *Heining*, 68 M.S.P.R. at 519-20.

office for further adjudication of the appellant's challenge to her involuntary resignation in accordance with this Remand Order.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.

<u>DISSENTING OPINION OF MEMBER MARK A. ROBBINS</u>

in

*Shirley Muhleisen v. Department of Veterans Affairs*

MSPB Docket No. DE-1221-13-0345-W-1

¶1    I respectfully dissent.  I disagree with the decision to remand this appeal to the field office.  Generally, the Board will not consider "new" evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence.  5 C.F.R. § 1201.115; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). For the Board to consider evidence submitted on petition for review, it also must be material.  5 C.F.R. § 1201.115.  To be material, the evidence must be of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶2    Here, the appellant, for the first time on review, supplies purportedly "new and material" information about a protected disclosure she made, which she did not provide below.  The Remand Order, on page 6, states that "under <u>the limited circumstances</u> of this case" (emphasis supplied), the Board will consider the appellant's ostensibly new argument that she made a disclosure or disclosures to her supervisors in "early 1999," based on two reasons:  (1) the appellant is appearing pro se; and (2) she is raising "new allegations [that] address whether she has made a nonfrivolous allegation establishing an element of the Board's jurisdiction" over her individual right of action (IRA) appeal.

¶3    First, the record does not support that the appellant is, or always has been, pro se.  For instance, between 2000 and at least until 2005, the appellant indicated that she "had retained counsel."  Initial Appeal File (IAF), Tab 1 at 12-13, Tab 6 at 9, 11 (in her original complaint to the Office of Special Counsel (OSC), she wrote that "I had to hire an attorney . . . to confront [the agency] with their [taking various actions] because I exercised my civil rights.").

The appellant also explicitly stated that the union promised to assist her to some degree with her Board appeal. IAF, Tab 4 at 1 ("I am hoping that I might have a . . . union representative accompany me to a hearing, have spoken to them about this and they are agreeable."). In addition, even assuming that the appellant is appearing pro se, I cannot agree with the theory that a well-educated Registered Nurse with a Bachelor of Science Degree and a Master's Degree in Nursing, *see* IAF, Tab 1 at 19, is not sufficiently intelligent to comprehend and follow the repeated instructions she received on appeal about how to establish Board jurisdiction.

¶4 I also am concerned that the Remand Order suggests that pro se status now equals "a limited circumstance" in which the Board will accept new evidence or argument for the first time on petition for review. This would be contrary to our regulations and veer off course from decades of our precedent.

¶5 Second, I believe the Remand Order conflates the "materiality" standard with the "new" standard set forth in § 1201.115. At the outset, I agree that the appellant's "new allegations [that] address whether she has made a nonfrivolous allegation establishing an element of the Board's IRA jurisdiction over her appeal" would be material. Yet, I cannot agree that the allegations are "new," given that the appellant missed several opportunities to produce this evidence earlier on appeal. Specifically, the record reflects that the appellant easily could have raised this argument either during the preliminary status conference on August 13, 2013, *see* IAF, Tab 7, in reply to the administrative judge's detailed instructions to her about her need to prove IRA jurisdiction, as contained in the August 14, 2013 jurisdictional show cause order, *see* IAF, Tab 11, or in answer to the agency's statements about jurisdiction in its narrative response to the appeal, *see* IAF, Tab 13. In light of these factors, I disagree with the characterization of these allegations on review as "new."

¶6      As a result, I would find that the argument raised by the appellant here on review, although material, is not new, and so would not remand to the field office on that basis.


_____
Mark A. Robbins
Member